UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BERNARD SCOTT, | ) | C/A No. 4:17-3100-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PATRICIA RAY, ALLISON DAYS, | ) | |
| ANGELA SUMPTER, AND CPL. | ) | |
| SHANNON, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff's Motion to Compel Discovery. (ECF #31). On April 26, 2018, Defendants filed a response in opposition to the motion. (ECF #32).

In this motion, Plaintiff moves to have an order "compelling the Defendants to produce for inspection and copying the documents requested on 2-23-18 and 2-28-18." (ECF #31).

Defendants filed a response in opposition to the Motion to Compel stating that the following documents have been provided to the Plaintiff: Bates Stamped-Handwritten Grievances 2000-2013, Kiosk Grievances 1000-1090, and Inmate Handbook 4000-4016. Each Request to produce and Defendants response will be discussed below.

**1st Request to Produce**

> 3: Any and all documents that classification has on the plaintiff.
>
> Answer: The Darlington County Detention Center safety and security policies prohibit disclosure of the requested information which may compromise the security of employees, contractors, and residents of the DCDC facility.

In the response in opposition, Defendants assert that access to Plaintiff's classification file at the DCDC is restricted by the detention center. Defendants assert that certain portions of Plaintiff's classification file may be reviewed at the facility upon request through the detention center's kiosk/grievance system.

**Ruling**:

The Motion to Compel with respect to this request is granted to the extent that Defendants are to provide the "certain portions" of Plaintiff's classification file that is referenced in their response which they assert "may be reviewed at the facility" to the Plaintiff within fifteen days of the date of this order.

> 4. The incident reports from all officers written about the plaintiff. Especially ones by Sgt. Sumpter.
>
> Answer: These records are protected from disclosures pursuant to Darlington County Detention Center Safety Policies as disclosures would cause an undue risk of harm to the employees, contractors and residents of [D]CDC facility.

**Ruling**:

The Motion to Compel with respect to this request is granted to the extent Defendants are to provide the incident reports to the Plaintiff within fifteen days or provide to the court for review by affidavit or other appropriate evidence detailing the reasons why these reports are protected and would be an "undue risk of harm."

> 5. The rules and policies on housing sex offenders.
>
> Answer: These records are protected from disclosure pursuant to South Carolina Department of Corrections Safety policies as disclosure would cause an undue risk of harm to the employees, contractors and residents of SCDC facilities.

**Ruling**:

The Motion to Compel with respect to this request is granted to the extent Defendants are to provide the rules and policies on housing sex offenders to the Plaintiff within fifteen days or provide to the court for review by affidavit or other appropriate evidence detailing the reasons why these reports are protected and would be an "undue risk of harm."

> 6. A copy of the document stating why defendant Sumpter was terminated.
>
> Answer: These records are protected from disclosure pursuant to South Carolina Department of Corrections Safety policies as disclosure would cause an undue risk of harm to the employees, contractors and residents of SCDC facilities.

In the response in opposition to the Motion to Compel, Defendants state that Plaintiff is seeking access to personnel records for certain employees, including Sgt. Sumpter, of the detention center. Defendants asserts that personnel information of staff is classified as restricted by the detention center and respectfully submit that providing employee personnel information to detainees presents a significant security risk to the employees, their families, other detention center staff, inmates, and the institution itself. Additionally, Defendants assert that the information sought is not reasonably calculated to lead to admissible evidence in this case.

**Ruling**:

Plaintiff's Motion to Compel as to this request to produce is granted to the extent that, within fifteen days from the date of this order, Defendants are to provide to the Plaintiff the reason for Sgt. Sumpter's separation from employment.

7. Policies on officers conduct toward prisoners.

Answer: Inmate handbook, under Staff and Inmate Relations.

**Ruling**:

Defendants have asserted that they provided the Plaintiff with a copy of the Inmate Handbook, Bates Stamped 4000-4016. Therefore, Defendants have sufficiently responded to this overly broad request to produce and Plaintiff's Motion to Compel is denied.

8. All kiosk messages sent to any staff member by the

> plaintiff concerning this accusation by the defendants of being gay.
>
> Answer: Plaintiff's submitted grievances will be provided to him upon receipt.

**Ruling**:

In the response in opposition, Defendants assert they have provided Plaintiff with a copy of his Kiosk Grievances Bates stamped 1000-1090. Therefore, Defendants have sufficiently responded to this request to produce and Plaintiff's Motion to Compel is denied.

**2nd Request for Production of Documents**

> 3. Any and all documents that classification has on this issue.
>
> Answer: The Darlington County Detention Center safety and security policies prohibit disclosure of the requested information which may compromise the security of employees, contractors, and residents of the DCDC facility.

**Ruling**:

Defendants' response to No. 3 above (1st Request to Produce) sufficiently responds to this overly broad request.

> 4. The incident reports from all officers written about the plaintiff. Especially ones by Sgt. Sumpter.
>
> Answer: These records are protected from disclosure pursuant to Darlington County Detention Center Safety policies as disclosure would cause an undue risk of harm to the employees, contractors and residents of DCDC facility.

**Ruling**:

This is the same request as set forth in request No. 4 above.

| 5. | The rules and policies on housing sex offenders. |
|---|---|
| Answer: | The Darlington County Detention Center safety and security policies prohibit disclosure of the requested information which may compromise the security of employees, contractors, and residents of the DCDC facility. |

**Ruling**:

This is the same request as set forth in request No. 5 above.

| 6. | A copy of disciplinary report on all officers that's involved in this case. |
|---|---|
| Answer: | The Darlington County Detention Center safety and security policies prohibit disclosure of the requested information which may compromise the security of employees, contractors, and residents of the DCDC facility. |

**Ruling**:

In their response to the request for production, Defendants generally responded and objected to the Requests to the extent they are not limited temporally and are overly broad and unduly burdensome. This Request is overly broad as it contains no date restriction, subject matter restriction, and fails to define the parameters. Therefore, the Motion to Compel with respect to this Request is denied.

| 7. | Any and all documents on why Sgt. Sumter was terminated from Darlington County Detention Center |
|---|---|

                                  a couple of years ago.

    Answer:                The Darlington County Detention center safely and security policies prohibit disclosure of the requested information which may compromise the security of employees, contractors, and residents of the DCDC facility."

**Ruling**:

This is the same request as set forth in request No. 6 above.

    8.                         Officers conduct towards inmates "documents".

    Answer:                Provided to Plaintiff on February 22, 2018.

**Ruling**:

It appears Defendants have responded to this request. Therefore, Plaintiff's Motion to Compel with regard to this request is denied.

On March 15, 2018, and May 14, 2018, Plaintiff filed a motion to extend the discovery deadline. (Docs. #27 and #41). In these motions, Plaintiff requested additional time for the discovery deadline due to Defendants not responding to his discovery requests. As the court has now ruled on his motion to compel, these motions for extensions of time to complete discovery are deemed moot.

**Conclusion**

For the reasons set forth above, Plaintiff's Motion to Compel is granted in part and denied in part and Plaintiff's motions for extensions of time are deemed moot.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 26, 2018
Florence, South Carolina